## ROBINSON v. RUSSELL.[1]

*(District Court, E. D. Pennsylvania. April 6, 1892.)*

SHIPPING—CONTRACT OF AFFREIGHTMENT.

The evidence of a master of a vessel and of a member of a firm acting as the ship's brokers was that a shipper had agreed to ship 400,000 shingles on the vessel. The shipper testified he had agreed to ship all he had,—estimated at that many. The firm were pretty closely related to the shipper also. *Held*, the weight of the evidence was against the shipper.

In Admiralty. Libel by Thomas B. Robinson, master of the schooner Charles C. Lister, against Daniel L. Russell, to recover damages for failure to ship a full cargo according to contract. Decree for libelant.

*Henry R. Edmunds*, for libelant.
*Flanders & Pugh*, for respondent.

BUTLER, District Judge. The only question involved is one of fact, to wit: Did the respondent contract for the shipment of 400,000 shingles, as the libel avers, or simply for the number he might have on hand, as the answer states? The testimony is directly conflicting. The only persons present when the contract was entered into, were the master of the schooner, Mr. Robinson, William Harriss, of the firm of George Harriss, Son & Co., ship brokers, and the respondent. Messrs. Robinson and Harriss state the contract to have been for 400,000 shingles and are very positive about it, while the respondent just as positively states it to have been for no given number, but such only as he might have—which he supposed would reach 400,000 or more. George Harriss, Son & Co. were the ship's brokers, and are pretty closely related to the respondent. There are some circumstances referred to in the evidence which tend to shed a little light on the question involved, but its decision depends mainly upon the testimony of the three witnesses named, respecting what occurred on the occasion referred to, when the contract was made. A discussion of the evidence is unnecessary. It is sufficient to say that its weight is clearly, in my judgment, against the respondent. A decree must therefore be entered for the libelant. If the parties cannot agree upon the damages the subject will be referred to a commissioner.

[1] Reported by Mark Wilks Collet, Esq., of the Philadelphia bar.